IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**IRVIN SYLVESTER DOYE,**

        Petitioner,

    v.                                      CIVIL ACTION NO. 3:06CV40
                                            (Judge Broadwater)

**WARDEN JOYCE FRANCIS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 28, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at the Gilmore Federal Correctional Institution challenging the validity of a sentence imposed in the United States District Court for the District of Maryland. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was convicted in the United States District Court for the District of Maryland following a plea of guilty to Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. §924(c)(1)(A) and Distribution and Possession with Intent to Distribute Cocaine Base; Aiding and Abetting in violation of 21 U.S.C. §§841(a)(1)&(b)(1)(B)(C). On June 20, 2003, the petitioner was sentenced to 188 months imprisonment, 4 years supervised release and a $200 Special Assessment. The petitioner did not appeal his conviction and sentence. However, on June 23, 2004, he filed a Motion to Vacate under 28 U.S.C. §2255. On January 31, 2005, the United State District

1

Court for the District of Maryland entered an order denying the motion. On February 28, 2006, the United States Court of Appeals denied the petitioner's Motion for Certificate of Appealability.[1] Now petitioner attacks the validity of his sentence via a §2241 petition arguing that his prison sentence is void because his Fifth and Sixth Amendment rights were violated. He further claims that supervised release constitutes double jeopardy when coupled with imprisonment and that his sentence his void based on the holding in United States v. Booker, 543 U.S. 2020, 233 (2005). Finally, he complains that supervised release is not a possible penalty for his criminal conviction.

### III. ANALYSIS

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

The undersigned finds that because the petitioner is attempting to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000). However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

---

[1] See, United States v. Irvin Sylvester Doye, 8:03cr22 (MD 2003).

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §924(c)(1)(A), 21 U.S.C. §841(a)(1), and 21 U.S.C. §841(b)(1)(B)(C) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Id. at 334. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

In addition, the petitioner's Booker and double jeopardy arguments are without merit. First, the petitioner claims that any sentence associated with the United States Sentencing Guidelines is per se void pursuant to United States v. Booker, 543 U.S. 220 (2005).[3] However, under Fourth Circuit law, Booker is not applied retroactively to cases on collateral review and does not void the

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3]In Booker, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Additionally, the Court severed the unconstitutional provisions from the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal.

3

petitioner's sentence in this case. See United States v. Morris, 429 F.3d 65, 71 (4th Cir. 2005).

Finally, the petitioner claims supervised release in addition to a prison sentence is impermissible double jeopardy. The Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002), is simply inapplicable to the petitioner's sentence that includes a period of supervised release authorized by statute. 18 U.S.C. §3583.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: June 29, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE