IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IRVINE SYLVESTER DOYE,

    Petitioner,

v.                             CIVIL ACTION NO. 3:06CV40

WARDEN JOYCE FRANCIS,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, filed June 29, 2006. The Petitioner filed objections to the Magistrate Judge's Report and Recommendation on July 11, 2006 and January 16, 2007. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

Magistrate Judge Kaull recommends denying the petition and dismissing this action, styled as a petition under 28 U.S.C. §2241. As stated in the Magistrate Judge's Report and Recommendation, relief under §2241 normally must challenge aspects of a petitioner's confinement, rather than the sentence imposed. Only under the limited circumstances set forth in In re Jones and may a petitioner

challenge his sentence under §2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Jones conditions are specific to a substantive law change that is not a constitutional law change, as thoroughly discussed on page two of the Magistrate Judge's Report and Recommendation.

The Magistrate found that the Petitioner was not entitled to relief under §2241, because he could not meet the showing requirements of the Jones test's second prong. Id. at 333. Specifically, Doye could not show that a substantive law change rendered his offense conduct non-criminal.

Magistrate Kaull then addresses Doye's arguments that the United States Sentencing Guidelines are unconstitutional and that a Court's imposition of a term of supervised release constitutes double jeopardy.

In his Objections to the Report and Recommendation the Petitioner challenges the Jones test and restates arguments claiming the sentencing guidelines are an enhancement in violation of the Sixth Amendment and constitute double jeopardy. Petitioner cites another pending §2241 action in the district, in which the magistrate judge ordered the respondent to answer the complaint. Johnson v. Francis, Civil Action No. 2:06CV43. However the objection

fails to show how the instant action meets the Jones test or that Jones does not apply to Doye's Petition.

Doye's arguments on supervised release do not address the basis of the Magistrate Judge's recommendation. Doye's term of supervised is proper because it is authorized under statute and is a part of the total sentence imposed for his offense. See United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002); 18 U.S.C. §3583.

The Court, therefore, **ORDERS** that §2241 Petition (Document No. 1) be **DENIED**. It is further **ORDERED** that this action be **DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation, and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the Petitioner and all counsel of record.

**DATED** this 22nd day of January 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE